GENERAL MOTORS ACCEPTANCE CORPORATION v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 94011. Submitted January 14, 1988, at Detroit. Decided March 14, 1988.

Margaret and Darius Smith purchased an automobile with funds secured from General Motors Acceptance Corporation, entering into an installment sale contract. GMAC perfected its security interest. The Smiths, pursuant to the installment sale contract, secured from Auto Club Insurance Association a policy of insurance that protected GMAC to the extent of its security interest in the event of loss or damage to the automobile. The loss payable clause provided that the insurance as to the lienholder would not be invalidated by any act or neglect of the owner except that a loss occasioned by the conversion, embezzlement or secretion by the owner was not covered unless a specific premium was paid. Thereafter, the Smiths reported the automobile stolen. The automobile was later found completely destroyed by fire. ACIA refused to make any payment to either the Smiths or GMAC, claiming that the Smiths intentionally destroyed the automobile and that it was not liable to either the Smiths or GMAC under those circumstances. GMAC brought an action in 46th District Court against ACIA, seeking payment of its loss occasioned by the destruction of the Smith's automobile. The district court, Norman W. Feder, J., for Clarence A. Reid, Jr., J., held that, even if the Smiths had intentionally destroyed the automobile, GMAC was entitled to payment by ACIA for its loss. Defendant appealed to the Oakland Circuit Court. The circuit court, Robert L. Templin, J., affirmed. Defendant appealed by leave granted.

The Court of Appeals *held:*

It is clear reading from the policy as a whole that the defendant did not undertake the risk of the intentional destruction of the automobile by the owner; accordingly, the defendant, if able to prove the intentional destruction of the automobile by the Smiths, would not be liable to plaintiff.

Reversed and remanded.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 126 *et seq.,* 418 *et seq.*
See the Index to Annotations under Automobile Insurance.

INSURANCE — AUTOMOBILES — LIENHOLDERS — EXTENT OF COVERAGE.
An insurer of an automobile is not liable to a secured lienholder where the automobile is intentionally destroyed by the owner/debtor even though the loss payable provision of the policy provides that the insurance will not be invalidated with respect to the lienholder's interest by any act or neglect of the owner/debtor where the language of the underlying policy evidences that the insurer did not intend to undertake the risk of intentional destruction of the vehicle by the owner/debtor.

*Rickel, Earle, Neaton, Baun & Fenner, P.C.* (by *Mark A. Baun*), for plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Dennis M. Killeen*), and *MacArthur, Cheatham, Ackers & Smith, P.C.* (by *James G. Gross*), for defendant.

Before: J. H. GILLIS, P.J., and WEAVER and G. S. ALLEN,* JJ.

PER CURIAM. This appeal raises the issue whether the loss payable clause of a comprehensive automobile insurance policy protects the interest of a secured lienholder when the owner/debtor is alleged to have deliberately destroyed the insured automobile. The district court held that the interest of the secured lienholder was protected, and it granted summary disposition to General Motors Acceptance Corporation. We hold that the secured lienholder is not protected if the automobile was intentionally destroyed. We reverse the order granting summary disposition, and we remand for further proceedings to determine whether the automobile was intentionally destroyed by the owner/debtor.

Margaret and Darius Smith entered into a retail installment sale contract with GMAC on November

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

9, 1981. GMAC perfected a security interest in the automobile that was the subject of the contract. Pursuant to the terms of the retail installment sale contract, the Smiths obtained a policy of insurance from Auto Club Insurance Association that protected GMAC as the loss payee/security interest holder. The loss payable clause provided in part as follows:

> Loss or damage, if any, under the policy shall be payable as interest may appear to . . . [Lienholder] and this insurance as to the interest of . . . [Lienholder] shall not be invalidated by any act or neglect of the . . . [Owner/Debtor] . . . provided, however, that the conversion, embezzlement or secretion by the . . . debtor in possession of the property insured under a bailment lease. . . or other security agreement is not covered under such policy unless specifically insured against and premium paid therefor . . . .

On September 2, 1983, the insured automobile was reported stolen and was later found completely destroyed by fire. ACIA refused to make payment to either the Smiths or to GMAC because its investigation revealed that the Smiths intentionally destroyed the automobile. The trial court held that the loss payable clause entitled GMAC to payment regardless of whether the automobile was intentionally destroyed. The circuit court affirmed and we granted leave to consider the issue of whether the loss payable clause protected GMAC.

While the present case was pending, another panel of this Court decided *Boyd v GMAC,* 162 Mich App 446; 413 NW2d 683 (1987). In *Boyd,* this Court held that a loss payable clause identical to the loss payable clause in the present case did not protect the interest of a secured lienholder if the automobile was intentionally destroyed by the

owner/debtor. The *Boyd* panel noted that the underlying policy restricted coverage to accidental loss, while the loss payable clause provided that "this insurance . . . shall not be invalidated by any act or neglect of the . . . owner." *Boyd, supra,* p 453. However, this Court determined that intentional destruction did not invalidate the coverage under the loss payable clause, but was simply not a risk insured against.

In the present case, GMAC argues that the loss payable clause provides greater coverage than the underlying policy. However, we agree with the *Boyd* panel's conclusion that ACIA did not undertake the risk of intentional destruction by the owner/debtor. Therefore, we reverse the order of the circuit court that affirms the order granting summary disposition to GMAC. Should ACIA succeed in proving its claim that the owner/debtor intentionally destroyed the automobile, then it would not be liable to GMAC.

Reversed and remanded.